UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| ALFRED TRIPPETT, on behalf of himself and all others similarly situated, | : : : | Case no.  1:25-cv-8214 |
| Plaintiffs, | : : : | |
| v. | : : | CLASS ACTION COMPLAINT AND |
| PASTEUR PHARMACY, INC., | : : | <u>DEMAND FOR JURY TRIAL</u> |
| Defendant. | : : : : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**INTRODUCTION**

1. Plaintiff, Alfred Trippett (hereinafter "<u>Plaintiff</u>"), brings This action on behalf of himself and all other persons similarly situated against Pasteur Pharmacy, Inc. (hereinafter "<u>Defendant</u>"), and states as follows:

2. This action is brought under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 et seq., and related state and local laws. Plaintiff, Alfred Trippett, seeks to remedy the ongoing discrimination he experienced while attempting to access and shop on the website operated by Defendant, Pasteur Pharmacy, located at https://pasteurpharmacy.com/. The website is a gateway to Defendant's physical retail location and provides information and the means for customers to purchase skincare, fragrance, grooming, and wellness products.

3. Despite the ADA's clear mandate for equal access, the website contains multiple barriers that prevent blind users from fully and equally engaging with its content and services. Plaintiff, a blind individual who relies on screen reader technology, personally attempted to shop on the website on several occasions and encountered significant accessibility issues. Defendant's website denies

1

Plaintiff, and similarly situated blind consumers, the equal access guaranteed by federal, state, and city disability rights laws.

4. Plaintiff brings this action to compel Defendant to remove these barriers and bring the website into compliance with governing accessibility standards.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the claims arise under the Americans with Disabilities Act. The Court also has supplemental jurisdiction over Plaintiff's related state and city law claims pursuant to 28 U.S.C. § 1367, as those claims are derived from the same facts and circumstances as the federal claims.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the events giving rise to these claims occurred in this District, and Defendant maintains its principal place of business and operates its retail pharmacy at 53 East 34th Street, New York, NY 10016.

## PARTIES

14. Plaintiff, Alfred Trippett, is an individual who resides in New York County. He is legally blind and uses NVDA screen reader software to access digital content. Plaintiff has personally attempted to shop on Defendant's website on multiple occasions, specifically on August 17, 2025, August 31, 2025, and September 28, 2025. During these visits, Plaintiff sought to purchase skincare products, including Wholly Kaw Dr. Mudgil HydroNourish with Hyaluronic Acid Niacinamide Zinc & Copper Medical Grade Dermatologist Approved Moisturizer 28ml, among others.

15. Defendant, Pasteur Pharmacy, is a New York business that offers a curated selection of wellness, skincare, fragrance, and grooming products. Defendant operates both a physical retail store located at 53 East 34th Street, New York, NY 10016, and the website https://pasteurpharmacy.com/, which serves as a digital extension of its business by offering product information, shopping functions, and related services.

**NATURE OF THE CASE**

16. = This lawsuit arises from Defendant's failure to make its website accessible to blind and visually impaired consumers, including Plaintiff. Defendant operates https://pasteurpharmacy.com/, an online platform that provides information about its retail location and allows customers to browse and purchase its wellness, beauty, fragrance, and grooming products. Because the website is integrated with Defendant's brick-and-mortar pharmacy, it serves as a gateway to the goods and services that Defendant offers to the public.

17. Title III of the ADA requires places of public accommodation to provide equal access to individuals with disabilities. Websites that are closely connected to physical retail locations fall within this mandate and must be designed and maintained in a manner that ensures equal access for blind and visually impaired consumers who rely on screen reader technology. Defendant has failed to meet these obligations.

18. Plaintiff, who is blind and uses NVDA screen reader software, attempted to shop on Defendant's website multiple times in 2025. On each occasion, he was unable to access key features of the site and was blocked from independently selecting and purchasing the products he wanted. Among other problems, navigation to core product categories was difficult to locate, product images lacked descriptive text to differentiate items, the wishlist feature conveyed incorrect selections, and the

3

physical address displayed in the website's footer did not read properly with a screen reader. These accessibility failures mirror widespread barriers identified in a SortSite accessibility audit.

19. Because Defendant's website is not fully accessible, Plaintiff and similarly situated blind consumers are denied the ability to participate in online commerce with Defendant on equal terms. Plaintiff seeks injunctive relief requiring Defendant to remediate the website to comply with the ADA and applicable accessibility standards, as well as damages and other relief under state and local law.

## FACTUAL ALLEGATIONS

20. Defendant Pasteur Pharmacy operates a physical retail store located at 53 East 34th Street, New York, New York, as well as the website https://pasteurpharmacy.com/. Through the website, Defendant offers detailed product information, online purchasing functions, and promotional content for its curated selection of skincare, fragrance, grooming, and wellness items.

21. Plaintiff Alfred Trippett is legally blind and resides in New York County. He relies on NVDA screen reader software to navigate websites and independently shop for goods and services online.

22. On August 17, 2025, Plaintiff visited https://pasteurpharmacy.com/ intending to purchase skincare items, including Wholly Kaw Dr. Mudgil HydroNourish with Hyaluronic Acid Niacinamide Zinc & Copper Medical Grade Dermatologist Approved Moisturizer 28ml. Plaintiff struggled to locate the main product categories because the navigation system was not properly coded for screen reader use.

23. On August 31, 2025, Plaintiff made a second attempt to shop on the site. He encountered further barriers: product images lacked descriptive text, making it impossible to distinguish between

4

variants such as different colors or formulations. The wishlist function also created confusion, as the software incorrectly read items as selected when they were not.

24. On September 28, 2025, Plaintiff again attempted to browse Defendant's products. The same barriers remained, and additional issues persisted, including the business address in the website footer, which was unreadable by NVDA. This prevented Plaintiff from independently confirming the location of Defendant's physical store.

25. These barriers, which Plaintiff personally experienced, were consistent with a SortSite accessibility audit performed on the website. The audit confirmed multiple violations of accessibility standards, including missing alt text on images, mislabeled form fields, improper navigation structures, and other deficiencies that prevent blind and visually impaired users from equally accessing the website.

26. As a result of these accessibility failures, Plaintiff was unable to complete his purchases independently and was deterred from returning to the site in the future. Defendant's inaccessibility excludes blind consumers from the same online shopping opportunities afforded to sighted individuals, in direct violation of Title III of the ADA.

## CLASS ACTION ALLEGATIONS

41. Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access Website and as a result have been denied access to the enjoyment of goods and services offered by Website, during the relevant statutory period."

42. Plaintiff seeks certification of the following New York subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in New York State who have attempted to access Website and as a result have been denied access to the enjoyment of goods and services offered by Website, during the relevant statutory period."

43. There are hundreds of thousands of visually-impaired persons in New York State. There are approximately 8.1 million people in the United States who are visually-impaired. Id. Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

44. Ther case arises out of Defendant's policy and practice of maintaining an inaccessible website denying blind persons access to the goods and services of Website. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse, select and shop on Website.

45. There are common questions of law and fact common to the class, including without limitation, the following:

    (a) Whether Website is a "public accommodation" under the ADA;

    (b) Whether Website is a "place or provider of public accommodation" under the laws of New York;

    (c) Whether Defendant, through its website, Website, denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

6

(d) Whether Defendant, through its website, Website, denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the law of New York.

48. The claims of the named Plaintiff are typical of those of the class. The class, similar to the Plaintiff, is severely visually-impaired or otherwise blind, and claims Defendant has violated the ADA, and/or the laws of New York by failing to update or remove access barriers on their website, Website, so it can be independently accessible to the class of people who are legally blind.

49. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

50. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

51. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

52. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

### FIRST CAUSE OF ACTION

*(Violation of 42 U.S.C. §§ 12181 et seq. – Title III of the Americans with Disabilities Act)*

53. Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

54. Defendant is a private entity that owns, operates, and controls a place of public accommodation within the meaning of 42 U.S.C. § 12181(7). Defendant's physical pharmacy at 53 East 34th Street in New York, New York is open to the public and provides goods and services to consumers. Its website, https://pasteurpharmacy.com/, is a service, privilege, or advantage offered in connection with that public accommodation, and therefore must comply with the accessibility requirements of Title III of the ADA.

55. Under 42 U.S.C. § 12182 and the implementing regulations at 28 C.F.R. Part 36, Defendant is prohibited from denying individuals with disabilities the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of its place of public accommodation. This includes providing an accessible website that allows blind and visually impaired users, who rely on screen reader software, to meaningfully participate in online shopping.

56. Plaintiff, who is blind and uses NVDA screen reader technology, attempted to shop on Defendant's website on multiple occasions. During those visits, he encountered numerous barriers, including missing or inadequate alt text on images, mislabeled or confusing form elements, inaccessible navigation to key product categories, the wishlist feature incorrectly indicating selections, and the business address in the footer failing to read with a screen reader. These barriers are confirmed by

the findings of a SortSite accessibility audit, which identified systemic violations of accessibility standards.

57. Upon information and belief, portions of the website have been altered after the effective date of the ADA. Pursuant to 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402, each such altered area, together with the path of travel to the altered area, was required to be made readily accessible to and usable by individuals with disabilities to the maximum extent feasible. Depending on when the alterations occurred, compliance was and is required with either the 1991 ADA Standards for Accessible Design (for alterations prior to March 15, 2012) or the 2010 ADA Standards for Accessible Design (for alterations on or after March 15, 2012). In either case, the only permissible defense is technical infeasibility. To the extent the altered areas fail to conform to the applicable Standards, they remain in violation of Title III.

58. Defendant's ongoing failure to ensure accessibility has caused Plaintiff to suffer frustration, humiliation, and the denial of equal access to Defendant's goods and services. Unless enjoined, Defendant will continue to maintain a website that is inaccessible to blind and visually impaired consumers.

59. Plaintiff seeks declaratory and injunctive relief, including an order directing Defendant to take all necessary steps to make its website readily accessible and compliant with the ADA, as well as attorneys' fees, costs, and such other relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

*(Violation of New York State Human Rights Law, N.Y. Exec. Law
Article 15 (Executive Law § 292 et seq.))*

60. Plaintiff repeats and realleges the allegations set forth above as though fully stated herein.

61. Defendant is subject to the New York State Human Rights Law ("NYSHRL"), Executive Law § 296(2)(a), which makes it unlawful for any place of public accommodation to discriminate against individuals on the basis of disability in the furnishing of its goods, services, facilities, privileges, or accommodations.

62. Defendant owns and operates a retail pharmacy at 53 East 34th Street, New York, New York, which constitutes a place of public accommodation within the meaning of the NYSHRL. The website https://pasteurpharmacy.com/ is a service and advantage offered in connection with that public accommodation. Defendant is therefore required to provide full and equal access to blind and visually impaired individuals.

63. By maintaining a website that contains systemic barriers, including missing alt text, confusing navigation, improperly labeled functions, inaccessible address information, and other deficiencies identified both by Plaintiff's personal experience and the SortSite accessibility audit, Defendant has denied Plaintiff the full and equal enjoyment of its goods and services.

64. Defendant's conduct constitutes an ongoing violation of the NYSHRL, causing Plaintiff humiliation, emotional distress, and the denial of equal participation in online commerce. Plaintiff has been deterred from returning to the website because of the continued inaccessibility.

65. Plaintiff seeks declaratory and injunctive relief requiring Defendant to make its website accessible in compliance with the NYSHRL, as well as compensatory damages, attorneys' fees, costs, and other relief as this Court may deem appropriate.

**THIRD CAUSE OF ACTION**

*(Violation of New York State Civil Rights Law,*
*NY CLS Civ R, Article 4 (CLS Civ R § 40 et seq.))*

78. Plaintiff incorporates the preceding allegations as if fully set forth here.

79. Civil Rights Law section 40 guarantees all persons the full and equal accommodations, advantages, facilities, and privileges of any place of public accommodation. No owner, lessee, proprietor, manager, superintendent, agent, or employee may directly or indirectly refuse, withhold, or deny those accommodations to any person.

80. Civil Rights Law section 40 c subdivision 2 prohibits discrimination based on disability in the exercise of civil rights by any person, firm, corporation, institution, the state, or any agency or subdivision.

81. Defendant's website at https://pasteurpharmacy.com functions as a sales establishment and public accommodation for purposes of the Civil Rights Law. Defendant owns and operates the website and is a person within the meaning of the statute.

82. By refusing to update or remove access barriers that render the website inaccessible to blind users, Defendant violates Civil Rights Law section 40 c subdivision 2. This inaccessibility denies blind patrons the full and equal access to facilities, goods, and services that Defendant makes available to the non disabled public.

83. There are well established methods to make websites accessible to blind and visually impaired users, including adding alternative text to images and ensuring that all functions are operable with a keyboard. Adopting these measures would not fundamentally alter the nature of Defendant's business and would not create an undue burden.

84. Civil Rights Law section 41 provides penalties for violations of sections 40, 40 a, 40 b, or 42. Civil Rights Law section 40 d provides that any person who violates those provisions, or aids or incites a violation, is liable for a penalty of not less than one hundred dollars and not more than five hundred dollars for each violation, to be recovered by the person aggrieved.

85. Defendant has not taken prompt or effective steps to correct its discriminatory conduct. These violations are ongoing. Plaintiff is entitled to recover statutory damages of five hundred d

### FOURTH CAUSE OF ACTION

*(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, et seq.)*

86. Plaintiff repeats and realleges the allegations set forth above as though fully stated herein.

87. Defendant's conduct also violates the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(4)(a), which prohibits any place or provider of public accommodation from directly or indirectly discriminating against individuals with disabilities by withholding or denying their goods, services, facilities, privileges, advantages, or accommodations.

88. Defendant owns and operates a retail pharmacy at 53 East 34th Street, New York, New York, which qualifies as a public accommodation under the NYCHRL. The website located at https://pasteurpharmacy.com/ functions as an extension of this public accommodation by providing product information and enabling online sales. Defendant is required to ensure that blind and visually impaired users have equal access to its website.

89. By designing and maintaining a website that contains accessibility barriers—including navigation that cannot be used properly with screen readers, images without alternative text, mislabeled or

12

confusing form fields, a wishlist feature that creates false selections, and address information that cannot be read by NVDA—Defendant has engaged in discriminatory practices in violation of the NYCHRL. These failures were personally experienced by Plaintiff and confirmed by a SortSite accessibility audit.

90. Defendant's actions and omissions have caused Plaintiff to experience frustration, humiliation, and the loss of equal access to Defendant's goods and services. Unless remedied, Defendant will continue to deny blind consumers the equal access that the NYCHRL requires.

91. Plaintiff seeks declaratory and injunctive relief directing Defendant to remediate its website to comply with the NYCHRL, as well as compensatory damages, attorneys' fees, costs, and such other relief as the Court deems proper.

## FIFTH CAUSE OF ACTION

*(Declaratory Relief)*

92. Plaintiff, on behalf of himself and the members of the proposed class, repeats and incorporates the foregoing allegations as if set forth fully herein.

93. A genuine dispute exists between the parties. Plaintiff asserts, and is informed and believes that Defendant denies, that the Website contains significant access barriers which prevent blind consumers from obtaining equal access to the goods, services, and facilities offered online. Defendant owns, manages, and controls the Website, yet it remains noncompliant with federal, state, and local disability access laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq., the New York State Human Rights Law, N.Y. Exec.

Law § 296 et seq., and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. Each of these provisions prohibits discrimination on the basis of disability.

94. Because Defendant disputes its obligations and continues to operate its Website in a manner that discriminates against the blind, a judicial declaration is necessary. A declaration will resolve the legal uncertainty between the parties by clarifying their respective rights and obligations and allowing them to conduct themselves accordingly

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a) A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b) A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Website, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Website is readily accessible to and usable by blind individuals;

c) A declaration that Defendant owns, maintains and/or operates its website, Website, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e) An order directing Defendants to continually update and maintain its website to ensure that it remains fully accessible to and usable by the visually-impaired;

f) Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed class for violations of their civil rights under New York State Human Rights Law and City Law;

g) Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

h) For pre- and post-judgment interest to the extent permitted by law; and

i) For such other and further relief which this court deems just and proper.

Dated: Manhasset, NY
October 3, 2025

> GABRIEL A. LEVY, P.C.
> *Attorney for Plaintiff*
>
> **/s/ *Gabriel A. Levy, Esq.***
>
> By: GABRIEL A. LEVY, ESQ (5488655)
>   1129 Northern Blvd, Suite 404
>   Manhasset, NY 11030
>   Tel: +1 347-941-4715
>   Email: Glevy@glpcfirm.com